IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| EARNEST J. BURTON, JR. | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| MIKE WENEROWICZ, et al. | : | NO. 5:14-cv-3010 |
| | : | |

<u>ORDER</u>

AND NOW, this 30th day of January, 2015, upon independent review of Petitioner Earnest J. Burton, Jr.'s Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus (Doc. No. 1), and upon consideration of the Report and Recommendation of United States Magistrate Judge Marilyn Heffley (Doc. No. 13) and Petitioner's objections thereto (Doc. No. 17), it is hereby ORDERED as follows:

1. Petitioner's objections to the Report and Recommendation ("R&R") are OVERRULED.

   A court must make "a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). Petitioner raises three objections to the R&R, and we consider each in turn.

   First, Petitioner objects to the R&R's determination that his habeas petition is time-barred. (Pet'r's Objs. to R&R 9–10, Doc. No. 17.) The Antiterrorism and Effective Death Penalty Act ("AEDPA") provides a one-year statute of limitations for a state prisoner to file a federal habeas petition and specifies that the limitations period shall run from the latest of three possible dates. 28 U.S.C. § 2244(d)(1). One of those dates is "the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." <u>Id.</u> § 2244(d)(1)(C). Petitioner argues that at least one of three recent Supreme Court decisions established an "alternative start date" for his federal limitations period under this provision of AEDPA and that his habeas petition was thus timely filed. (Pet'r's Objs. to R&R 9–10.) Specifically, Petitioner relies on <u>Martinez v. Ryan</u>, 132 S. Ct. 1309 (2012), <u>Trevino v. Thaler</u>, 133 S. Ct. 1911 (2013), and <u>McQuiggin v. Perkins</u>, 133 S. Ct. 1924 (2013). (Pet'r's Objs. to R&R 9–10.)

   The Supreme Court decided <u>Trevino</u> and <u>McQuiggin</u> on May 28, 2013. <u>Trevino</u>, 133 S. Ct. at 1911; <u>McQuiggin</u>, 133 S. Ct. at 1924. Petitioner filed the instant habeas petition on May 23, 2014. (<u>See</u> Habeas Pet., Doc. No. 1; R&R 2 n.3, Doc. No. 13.) Thus, if one of

these two cases marked the beginning of Petitioner's one-year statute of limitations under AEDPA, Petitioner's habeas petition would have been timely filed. Martinez, by contrast, cannot resolve Petitioner's timing defect. The Supreme Court decided Martinez on March 20, 2012. 132 S. Ct. at 1309. Thus, even if this decision started the clock on Petitioner's statute of limitations, Petitioner's claims would nonetheless be untimely because he filed the instant petition more than two years later.[1] (See Habeas Pet.; R&R 2 n.3.) We will nonetheless discuss Martinez in our analysis of Petitioner's argument under Trevino, as the two cases concern very similar issues.

The Supreme Court held in Martinez v. Ryan that "[w]here, under state law, claims of ineffective assistance of trial counsel must be raised in an initial-review collateral proceeding, a procedural default will not bar a federal habeas court from hearing a substantial claim of ineffective assistance at trial if, in the initial-review collateral proceeding, there was no counsel or counsel in that proceeding was ineffective." 132 S. Ct. at 1320. The Court in Trevino v. Thaler merely expanded the reach of this prior decision, holding that the Martinez rule may also apply to cases where a "state procedural framework, by reason of its design and operation, makes it highly unlikely in a typical case that a defendant will have a meaningful opportunity to raise a claim of ineffective assistance of trial counsel on direct appeal." Trevino, 133 S. Ct. at 1921. Petitioner now argues that his "PCRA counsel was ineffective in failing to adequately present and litigate his IAC-trial/plea counsel's ineffectiveness at the initial post-conviction proceedings, provid[ing] cause to excuse the procedural default of those claims." (Pet'r's Objs. to R&R 8.)

Petitioner's argument based on Trevino fails for a number of reasons. For one, Martinez and Trevino cannot provide an alternative start date for AEDPA's limitations period because "Martinez did not announce a new constitutional rule or right for criminal defendants, but rather an equitable rule prescribing and expanding the opportunity for review of their Sixth Amendment claims," Cox v. Horn, 757 F.3d 113, 124 (3d Cir. 2014); see also id. at 123 n.7 (citing McGuire v. Warden, Chillicothe Corr. Inst., 738 F.3d 741, 750–52 (6th Cir. 2013)) (finding persuasive a Sixth Circuit decision concluding that Trevino did not recognize new constitutional rights). Moreover, while the Supreme Court in Martinez and Trevino held that "inadequate assistance of counsel at initial-review collateral proceedings may establish cause for a prisoner's *procedural default* of a claim of ineffective assistance at trial," Martinez, 132 S. Ct. at 1315 (emphasis added), the Court has not announced that the same ineffective assistance may justify exceeding the statute of limitations. See, e.g., Carter v. Walsh, No. 12-4357, 2013 WL 706043 (E.D. Pa. Feb. 26, 2013). These cases are thus inapposite, as Petitioner's claims are time-barred, not necessarily procedurally defaulted. (See R&R 2 n.4.) Accordingly, Petitioner's habeas petition is untimely notwithstanding the Court's decision in Trevino.

As for the final case that Petitioner raises, the Supreme Court held in McQuiggin v. Perkins that "actual innocence, if proved, serves as a gateway through which a petitioner

---

[1] We also agree with the R&R's determination that there are no extraordinary circumstances here or indications that Petitioner has been diligently pursuing his rights that might warrant equitable tolling of the statute of limitations. (See R&R 7–8 (citing Holland v. Florida, 560 U.S. 631, 649 (2010).)

may pass whether the impediment is a procedural bar . . . or, as in this case, expiration of the statute of limitations." 133 S. Ct. at 1928. In other words, "a credible showing of actual innocence may allow a prisoner to pursue his constitutional claims . . . on the merits notwithstanding the existence of a procedural bar to relief." Id. at 1931. This "gateway," however, is only open to "a severely confined category: cases in which new evidence shows 'it is more likely than not that no reasonable juror would have convicted [the petitioner]'" Id. at 1933 (alteration in original) (quoting Schlup v. Delo, 513 U.S. 298, 316 (1995)). In the case before us, Petitioner does not appear to raise an argument for actual innocence in his habeas petition. (See Habeas Pet.; R&R 9.) Petitioner does assert his innocence in his objections to the R&R, yet he offers no new evidence to support his claim. (See Pet'r's Objs. to R&R 10–14.) He merely describes what occurred after the crime was committed, focusing on how the police interrogated him and how discussions with counsel prompted him to enter a guilty plea. (See id.) Petitioner has thus failed to make a credible showing of actual innocence that would allow us to consider his claims on the merits despite his petition's untimeliness.

McQuiggin also did not restart the clock on Petitioner's statute of limitations. It does not appear that the case announced a "constitutional right" that "has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review," as AEDPA requires if a Supreme Court decision is to set the start date for the statute of limitations. 28 U.S.C. § 2244(d)(1)(C). McQuiggin was not the first case to recognize that "a prisoner ' . . . may have his federal constitutional claim considered on the merits if he makes a proper showing of actual innocence.'" McQuiggin, 133 S. Ct. at 1931 (quoting Herrera v. Collins, 506 U.S. 390, 404–05 (1993)). Moreover, it is not apparent that the McQuiggin rule is a constitutional rule, and the case's holding has not been made retroactively applicable to cases on collateral review. See id. We therefore overrule this objection and adopt the R&R's conclusion that Petitioner's habeas petition is time-barred. (R&R 9–10.)

In his remaining two objections to the R&R, Petitioner raises substantive claims unrelated to the timeliness of his petition. He argues first that the R&R failed to sufficiently assess two of his claims of ineffective assistance of trial counsel. (Pet'r's Objs. to R&R 7–8.) Because the R&R properly concludes that Petitioner's habeas petition is procedurally time-barred, we agree with the R&R's recommendation to dismiss Petitioner's claims without considering the merits. (R&R 9–10.) Second, Petitioner alleges that Judge Davidson of the Court of Common Pleas of Lehigh County was unfairly biased against Petitioner. (Pet'r's Objs. to R&R 8–9.) Not only did Petitioner fail to include this claim in his habeas petition (see Habeas Pet. 6–13), but he also did not file his petition within the relevant limitations period (R&R 9–10). As such, we may not consider this claim.

2. For the foregoing reasons, the Report and Recommendation (Doc. No. 13) is APPROVED and ADOPTED.

3. Petitioner's Petition for Writ of Habeas Corpus (Doc. No. 1) is DISMISSED without an evidentiary hearing.

4. No certificate of appealability shall issue.

5. The Clerk of Court shall mark this matter CLOSED for statistical purposes.

                                            BY THE COURT:

                                            /s/ Legrome D. Davis

                                            Legrome D. Davis, J.